# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 1:09-CR-072-03 |
| v. | : (Judge Conner) |
| DESHAWN LIVINGSTON | : |

## MEMORANDUM

Presently before the court is a motion in limine (Doc. 372) filed by defendant Deshawn Livingston ("Livingston"). Livingston is charged with conspiracy, two counts of Hobbs Act robbery, two counts of use of a firearm in furtherance of Hobbs Act robbery, and being a felon in possession of a firearm. Livingston asks the court to exclude two pieces of evidence from his trial: (1) testimony from Anneliese Scherrer ("Scherrer") concerning other robberies which allegedly occurred during the course of the conspiracy, and (2) an identification made by Debra Dobson ("Dobson")—specifically, an identification of Livingston as one of the perpetrators of the robbery that occurred at Dobson's home on or about January 2, 2008. The government contends that the evidence at issue is admissible. For the reasons that follow, the court will deny Livingston's motion.

I.  **Statement of Facts & Procedural History**

A grand jury issued a fifteen-count indictment against Livingston and four other individuals on February 25, 2009. The indictment charged Livingston with the following: (1) one count of criminal conspiracy, see 18 U.S.C. § 341, (2) two counts of Hobbs Act robbery, see 18 U.S.C. § 1951, (3) two counts of use of a firearm in furtherance of Hobbs Act robbery, see 18 U.S.C. § 924(c)(1), and (4) possession of

a firearm by a convicted felon, see 18 U.S.C. § 922(g). The case is scheduled for trial on August 17, 2010. Livingston has filed a two-part motion in limine (Doc. 372), which a brief in support (Doc. 377), and the government has filed a brief in opposition (Doc. 381).

## II. Discussion

Livingston requests that the court prohibit the government from introducing the following evidence at trial: (1) Scherrer's testimony about other robberies which Livingston allegedly committed during the course of the conspiracy, and (2) Dobson's identification of Livingston as one of the individuals involved in the robbery at her home. The court will address the two parts of Livingston's motion in limine *seriatim*.

### A. Scherrer's Testimony Concerning Other Robberies

The government intends to introduce information about two robberies through the testimony of Livingston's former girlfriend, Scherrer. According to Scherrer's testimony, Livingston bragged to her that he committed two other robberies, distinct from the robberies charged in the indictment. Scherrer's testimony includes a variety of details that Livingston purportedly told her about these robberies, most of which are not relevant to the disposition of the pending motion.

Livingston argues that the government's only reason for offering this evidence is "to show or prove that Livingston is a heinous individual." (Doc. 372 ¶ 15). He asserts that this evidence should be deemed inadmissible under Federal Rule of Evidence 404(b), which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

2

therewith. It may, however, be admissible for other purposes . . . ."[1] The government contends, however, that evidence of these uncharged robberies is not governed by Rule 404(b), because it is evidence of charged conduct—specifically, the conspiracy charged in Count I of the indictment—rather than evidence of Livingston's prior bad acts. The government argues in the alternative that, if the evidence must meet the requirements of Rule 404(b), it is admissible because it proves Livingston's motive, intent, and purpose for committing the robberies with which he is charged.

In some respects, Scherrer's description of the uncharged robberies may provide a link between these robberies and the conspiracy. For instance, Scherrer's testimony indicates that at least one of the uncharged robberies occurred within the time frame of the conspiracy, and that Livingston's co-defendant Donald A. Scott ("Scott") was involved in this robbery with Livingston. Her testimony also states that both uncharged robberies targeted drug dealers, which was one of the purposes of the charged conspiracy. Despite these connections, however, the court is not convinced that all of the testimony at issue serves as direct proof of conspiracy. The connection between the second uncharged robbery—the robbery of "Dink"—and the conspiracy is particularly attenuated; the record presently before the court does not indicate that

---

[1] Rule 404(b) goes on to require the following: "[U]pon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Livingston does not argue that the government has failed to fulfill the notice provision of Rule 404(b); he simply asserts that the testimony in question should not be admitted into evidence. Therefore, the court will not examine the adequacy of notice provided to Livingston.

3

this robbery involved any co-conspirators or occurred within the time frame of the conspiracy. Therefore, the court will turn to the question of whether this evidence is admissible under Rule 404(b) and the other rules of evidence.

The Third Circuit has explained that Rule 404(b) is a rule of inclusion rather than exclusion, and that evidence should typically be admitted if it is relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit a crime. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003). In United States v. Daraio, 445 F.3d 253 (3d Cir. 2006), the Third Circuit set forth the method of inquiry which district courts must conduct when confronted with a Rule 404(b) objection. The government must demonstrate the proper purpose of the evidence by proffering a logical chain of inference consistent with its theory of the case. The court must then articulate the reasons why the evidence goes to show something other than improper character evidence. According to the Supreme Court, this analysis has four steps: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted. Id. at 263-64; see also Huddleston v. United States, 485 U.S. 681 (1988).

The court finds that Scherrer's testimony concerning the two uncharged robberies is admissible to show Livingston's motive, intent, and purpose for participating in the robberies with which he is charged. Scherrer's testimony is also admissible to show Livingston's knowledge of the conspiracy, insofar as the charged

4

and uncharged robberies were committed in similar fashion. Hence, the evidence has a proper purpose and is relevant.

Livingston argues that the evidence has a high potential for unfair prejudice, which outweighs its probative value. The court does not agree. Rather, the court concludes that Scherrer's testimony has strong probative value, for the purposes discussed above, and is not overly prejudicial. Livingston's arguments concerning the reliability of Scherrer's testimony can be adequately addressed through cross-examination of Scherrer. Furthermore, in order to ensure that the jury considers the evidence for the proper purpose, the court will instruct the jury appropriately. Cross-examination and a limiting instruction will minimize any prejudice to Livingston. Therefore, the court will deny Livingston's motion to exclude this evidence.

### B. Dobson's Identification of Livingston

One of the Hobb's Act robberies with which Livingston is charged occurred at Dobson's home. When Dobson was interviewed by officers who responded to the robbery, she reported that the robbers were masked during the entire robbery and that she would not be able to identify them. Five to six months later, Dobson testified at a preliminary hearing, and at the hearing, she had the opportunity to observe Livingston. She recently informed the government that she recognized Livingston at that time. She reported that she had an opportunity to see one of the individuals who robbed her for a period of about 90 seconds when the individual lifted his mask, and she stated that she is positive that Livingston, the individual she saw at the preliminary hearing, is the robber who lifted his mask.

Livingston asks the court to exclude this evidence. He correctly observes that "[t]he Due Process clause of the Fifth Amendment prohibits identification testimony deriving from impermissibly suggestive procedures that may lead to an irreparably mistaken identification." (Doc. 372 ¶ 33). Indeed, the Third Circuit has explained the requirements of the due process clause as follows:

> An identification procedure that is both (1) unnecessarily suggestive and (2) creates a substantial risk of misidentification violates due process. Unnecessary suggestiveness contains two component parts: that concerning the suggestiveness of the identification, and that concerning whether there was some good reason for the failure to resort to less suggestive procedures.

United States v. Brownlee, 454 F.3d 131, 137 (3d Cir. 2006) (internal quotations and citations omitted).

In this case, the identification occurred in court, which is, obviously, a suggestive setting. However, there is also a valid reason that law enforcement officers failed to employ a less suggestive procedure. Specifically, they were not aware that Dobson had observed one of the perpetrators of the robbery and would be able to make an identification; therefore, they had no reason to take any action whatsoever to avoid the possibility that Dobson would make an improper identification. Hence, although the identification procedure in question was suggestive, the court cannot conclude that it was an *unnecessarily* suggestive identification procedure.

Assuming, *arguendo*, that the court did find unnecessary suggestiveness in the procedure at issue here, Livingston's motion would nevertheless fail on the basis that there is no substantial likelihood of misidentification in this case. Evaluating the risk of misidentification requires the court to consider the following factors: (1) "the opportunity of the witness to view the criminal at the time of a the crime," (2) "the witness'[s] degree of attention," (3) "the accuracy of the witness'[s] prior description of the criminal," (4) "the level of certainty demonstrated by the witness at the confrontation," and (5) "the length of time between the crime and the confrontation." Neil v. Biggers, 409 U.S. 188, 199-200 (1972). In this case, the witness testified that she had about 3 minutes to view the robber, during which time she was attentive and had a well-lit view of the robber. She also expressed certainty that she correctly identified Livingston as the robber. Although she had not previously provided a description of the perpetrator, and although five months passed between the time of the crime and the time of the confrontation, the court concludes that, after balancing all of the relevant factors, the risk of misidentification is not substantial.

All of the issues presented by the prolonged delay in Dobson's disclosure of her identification of Livingston are fertile ground for cross-examination, but the court will not preclude the prosecution from presenting this evidence.

## III. Conclusion

For the foregoing reasons, Livingston's motion in limine (Doc. 372) will be denied. An appropriate order follows.

S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge

Dated:    August 17, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:09-CR-072-03** |
| v. | : | (Judge Conner) |
| **DESHAWN LIVINGSTON** | : | |

## ORDER

AND NOW, this 17th day of August, 2010, upon consideration of the motion in limine (Doc. 372), filed by defendant Deshawn Livingston ("Livingston"), and for the reasons set forth in the accompanying memorandum, is hereby ORDERED that the motion in limine (Doc. 372) is DENIED.

S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge